IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 14, 2015

**ANDREA KAY HONEYCUTT EX REL. MINOR CHILD, ALEXANDER H. v.
JONATHAN HONEYCUTT**

**Appeal from the Circuit Court for Davidson County**
**No. 15X259      Hamilton V. Gayden, Jr., Judge**

_____

**No. M2015-00645-COA-R3-CV – Filed June 30, 2016**
_____

In this case, a wife, on behalf of herself and her children, obtained an ex parte temporary order of protection against her husband as permitted by Tennessee Code Annotated § 36-3-605(a). After a hearing, the circuit court extended the order of protection for forty-five days and assessed costs and attorneys' fees against the husband. The husband appeals, arguing that the wife failed to prove her allegations of domestic abuse by a preponderance of the evidence. After reviewing the record, we affirm the decision of the circuit court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II and BRANDON O. GIBSON, JJ., joined.

Venus Niner and Adrian H. Alshuler, Franklin, Tennessee, for the appellant, Jonathan Allen Honeycutt.

Jeffrey L. Levy, Nashville, Tennessee, for the appellee, Andrea Kay Honeycutt.

**OPINION**

**I. PROCEDURAL BACKGROUND**

On March 17, 2015, Andrea Kay Honeycutt ("Wife") filed a Petition for an Order of Protection on behalf of herself and her two children, a son and a daughter. She requested

protection from the children's father, Jonathan Honeycutt ("Husband"), claiming she was in fear of physical harm. In her petition, Wife disclosed the parties' pending divorce action in the Fourth Circuit Court for Davidson County, Tennessee. Finding good cause, a judicial commissioner issued an ex parte temporary order of protection. The matter was set for a hearing on March 30, 2015, in the First Circuit Court for Davidson County, Tennessee.

At the March 30 hearing, the circuit court heard the testimony of Husband and Wife, as well as testimony from Wife's brother. After hearing the testimony, the court extended the temporary order of protection and made the following statement:

> The Court approaches this case from the standpoint that this is really something that should have been heard by [the divorce court] in the terms of a restraining order with -- with certain qualifications. Therefore, the Court is going to grant an order of protection, but only for a very short period of time enabling the parties to get to the [divorce] courts down the hall where the judge has jurisdiction over all these matters. First of all, the Court, ironically, finds all the parties in this case [credible] in an incredible condition. One thing is for sure, the [parents] need a divorce. The second thing is for sure, they need counseling, a boatload of counseling in between themselves and with this child of nine years in this very critical period in this time of his life. Ironically, the Court finds the most significant danger here would be the possibility the nine year old -- and you see it in the newspaper -- could actually take the life of one of his parents just as much as something could happen from one of the parents to him. So the Court feels like it's the only thing now is to give an order of protection for 45 days. Since this [divorce] is pending in Fourth Circuit Court, it can only be modified or extended or dismissed by [the divorce court]. That will give the parties an opportunity to get to the [divorce] court down at the end of the hall as quickly as possible.

By its terms, the order of protection expired on May 13, 2015. The court specifically limited the order of protection to Wife and the parties' son, not the parties' daughter. The court also assessed attorneys' fees and costs to Husband. *See* Tenn. Code Ann. § 36-3-617(a)(1) (2014) ("If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.").

Husband filed a notice of appeal on April 2, 2015. His sole issue on appeal is whether Wife proved her allegations of domestic abuse by a preponderance of the evidence. For her

part, Wife requests an award of attorneys' fees in defending this appeal.

## II. PROOF AT THE HEARING

Wife testified she filed her petition for an order of protection based on an incident that occurred during the afternoon of March 8, 2015 and similar previous incidents. On March 8, Wife's nephew was visiting for the afternoon, and the parties' son wanted to play with his cousin rather than finish his homework. When the son refused to do his homework, Husband intervened.

Wife described a violent confrontation between Husband and son. After the son "smarted off," according to Wife, Husband grabbed their son, dragged him approximately ten feet across the floor, and forcibly placed him on the stairs in an attempt to put him in "time out," the parties' favored discipline technique. Wife claimed that Husband placed their son on the stair with such force that he hit his head on the back of the staircase. During this time, Wife stated their son was screaming, crying, and trying to hit Husband. Wife attempted to intervene but was ignored.

According to Wife, their son did not stay on the stairs as directed, but ran upstairs. Husband caught him and "put [him] in a bear hug." Wife testified that, at some point, their son returned downstairs and grabbed a knife from the kitchen. After Wife took the knife from him, the son hid in the downstairs bathroom, and Husband went outside into the back yard.

When Husband returned to the house, Wife claimed that Husband began screaming at her that the son's behavior was her fault. Wife called her brother to pick up her nephew because of the volatile situation. Wife testified that Husband went into the bathroom where the son was hiding and continued yelling. After Wife called her brother back to tell him to hurry, Husband went outside again and began to talk on his cell phone. While Husband was outside, Wife's brother arrived and took the nephew home. Wife described their son as "hysterical," "crying," "upset," and "not himself." According to Wife, the parties' daughter was upstairs in her room and only emerged once during this incident.

Wife's brother confirmed he received three phone calls from Wife during this incident, although he missed one of her calls. He stated he could hear the son, screaming in the background "like he was being attacked." He characterized Wife as upset and frantic.

Husband testified that he calmly attempted to discipline his son after his refusal to do his homework. He denied dragging his son to time out. Husband testified that instead he led their son to the staircase by his arm. Husband claimed their son was not cooperative and hit him in the face with his fist. He did not see his son hit his head. After he placed the son on the staircase, Husband claimed that he returned to the kitchen to make dinner.

3

According to Husband, he made a plate of food for their daughter and carried it upstairs to her room. Husband claimed that his son chased after him, shouting. After he directed his son into a bedroom to talk, Husband stated his daughter ran in and hit her brother. Husband testified that the son reacted so violently that Husband wrapped his arms around his son to calm him. Husband related that, after a few minutes, he released the son and went to talk to his daughter. When Husband came downstairs, he claimed he found his Wife attempting to cajole their son out of the bathroom. Husband then went outside and spoke to a family member on his cell phone.

Husband claimed that life returned to normal after this incident. He continued to pick up the children from school and even took his son to Tullahoma for a birthday party with the consent of Wife on March 14.

Wife testified that she did not call the police after the March 8 incident because she was scared. The police investigated the incident the next day, however, based on a report from Wife's sister-in-law. The police spoke to both parents together and separately to the children. The police did not make any arrests or issue any citations. Wife did not ask the police for help or inform them she was afraid of Husband.

Despite this, Wife told the court that both she and her son were afraid of Husband. She testified to difficulties sleeping and described their son as angry and suffering from nightmares. She attributed her fear to the March 8 incident and previous incidents involving Husband. She described a prior incident during a family vacation when Husband ordered her not to interfere with his discipline of the son. When asked why she did not take the children somewhere safe when her husband was away from home, Wife testified: "I was scared of what would happen when he would come home, and he's threated to call the police on me if I took the children."

Both parties agreed that their son has behavior problems. Husband testified he had tried to arrange for counseling for his son, but Wife cancelled the appointment. Husband agreed that, since March, his son is easily startled and screams in his sleep. Husband attributed the son's reaction to the police investigation, not the events of March 8. Wife testified that their son had been talking to his school counselor, and Wife stated that she was also looking for an outside counselor for him.

### III. DISCUSSION

#### A. STANDARD OF REVIEW

We review the trial court's findings of fact de novo on the record, with a presumption of correctness, unless the evidence preponderates otherwise. *See, e.g.*, *Armbrister v.*

4

*Armbrister,* 414 S.W.3d 685, 692 (Tenn. 2013). In weighing the preponderance of the evidence, determinations of witness credibility are given great weight, and they will not be overturned without clear and convincing evidence to the contrary. *In re Adoption of A.M.H.,* 215 S.W.3d 793, 809 (Tenn. 2007). We review the trial court's conclusions of law de novo, with no presumption of correctness. *Armbrister,* 414 S.W.3d at 692.

## B. ORDER OF PROTECTION

In Tennessee, victims of domestic violence may petition for an order of protection. Tenn. Code Ann. § 36-3-602(a) (2014). Our General Assembly created the current statutory scheme to enhance the protection of domestic abuse victims. *Id.* § 36-3-618.[1] By statute, "[a]ny domestic abuse victim, . . . who has been subjected to, threatened with, or placed in fear of, domestic abuse, . . . may seek relief under this part by filing a sworn petition alleging domestic abuse . . . by the respondent." *Id.* § 36-3-602(a). The statute defines "abuse" to include "placing an adult or minor in fear of physical harm." *Id.* § 36-3-601(1). "Domestic abuse" means committing abuse against a domestic abuse victim, another statutorily defined term. *Id.* § 36-3-601(4). Persons within the category of "domestic abuse victim" include "[a]dults or minors . . . who live together or who have lived together." *Id.* § 36-3-601(5)(B), (C).

If the petitioner shows good cause, the court may issue an ex parte temporary order of protection. *Id.* § 36-3-605(a). Within fifteen days after the respondent is served with the ex parte order, the court must hold a hearing to determine whether to dissolve or extend the ex parte order for a definite period of time, not to exceed one year. *Id.* § 36-3-605(b). A petitioner seeking an extension of an ex parte order must establish domestic abuse by a preponderance of the evidence. *Id.*; *see also Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 WL 219652, at *4 (Tenn. Ct. App. Mar. 7, 2001).

---

[1] The domestic abuse statutes include the following statement of legislative intent:

> The purpose of this part is to recognize the seriousness of domestic abuse as a crime and to assure that the law provides a victim of domestic abuse with enhanced protection from domestic abuse. A further purpose of this chapter is to recognize that in the past law enforcement agencies have treated domestic abuse crimes differently than crimes resulting in the same harm but occurring between strangers. Thus, the general assembly intends that the official response to domestic abuse shall stress enforcing the laws to protect the victim and prevent further harm to the victim, and the official response shall communicate the attitude that violent behavior is not excused or tolerated.

Tenn. Code Ann. § 36-3-618.

Husband contends Wife did not prove her allegation of domestic abuse by a preponderance of the evidence. Husband characterizes the March 8 incident as a permissible example of a father disciplining a son for unacceptable behavior. Thus, according to Husband, even if Wife's version of events is to be believed, she did not prove he committed domestic abuse.

We find Husband's argument unavailing. Husband fails to recognize that Wife merely had to show fear of physical harm. Tenn. Code Ann. § 36-3-601(1). Proof of actual physical abuse is not required. This court rejected a similar argument in *Long v. Brown*, No. E2013-00802-COA-R3-CV, 2014 WL 295713 (Tenn. Ct. App. Jan. 28, 2014). In that case, the respondent argued that because having a glass of ice water thrown in one's face is unlikely to cause serious physical harm, the alleged incident could not constitute domestic abuse as a matter of law. *Id.* at *5. We held that petitioner's testimony that she feared respondent would hurt her met the statutory definition of domestic abuse. *Id. See also Murphy v. Janowitz*, No. E2005-00736-COA-R3-CV, 2005 WL 2386945, at *1 (Tenn. Ct. App. Sept. 29, 2005) (holding evidence of fear of physical harm and restraint was sufficient to meet statutory definition of abuse); *Wadhwani v. White,* No. M2005-02655-COA-R3-CV, 2007 WL 27329, at *3 (Tenn. Ct. App. Jan. 3, 2007) (agreeing the definition of domestic abuse "includes placing an adult in fear of physical harm").

We recognize "the determination of the preponderance of the evidence regarding allegations of abuse is largely fact-driven, and dependent on credibility including demeanor assessments." *Long,* 2014 WL 295713, at *5. Here, the trial court credited Wife's testimony that she and her son were afraid of Husband based on the March incident and his past behavior. We give great weight to a trial court's factual findings based on witness credibility because the trial court observed the witnesses. *Estate of Walton v. Young,* 950 S.W.2d 956, 959 (Tenn. 1997).

After hearing all the testimony, the court ruled there was sufficient evidence to justify including Wife and her son within the order of protection, but not the daughter. Both parents agreed the son was exhibiting signs of fear, and Wife testified she was losing sleep. The court determined the relationship between Husband, Wife, and their son was so volatile that the son could harm the parents "as much as something could happen from one of the parents to him." Under these circumstances, we cannot say the evidence preponderates against the judgment of the trial court. *See Davis v. Davis*, No. 03A01-9901-CH-00015, 1998 WL 208850, at *2 (Tenn. Ct. App. Apr. 30, 1998) ("While we agree with the trial court's observation that this is a 'close case' we are persuaded that the evidence does not preponderate against the judgment of the court and the findings that are necessarily made by implication by issuing the order of protection.").

## C. Attorneys' Fees

Wife seeks an award of her attorneys' fees on appeal under Tennessee Code Annotated § 36-3-617(a)(1). The statute provides for an award of court costs, including attorneys' fees, to a victim of domestic abuse:

> Notwithstanding any other law to the contrary, no domestic abuse victim, stalking victim or sexual assault victim shall be required to bear the costs, including any court costs, filing fees, litigation taxes or any other costs associated with the filing, issuance, registration, service, dismissal or nonsuit, appeal or enforcement of an ex parte order of protection, order of protection, or a petition for either such order, whether issued inside or outside the state. If the court, after the hearing on the petition, issues or extends an order of protection, all court costs, filing fees, litigation taxes and attorney fees shall be assessed against the respondent.

*Id*. Because we affirm the trial court's extension of the order of protection, Wife is entitled to her attorneys' fees on appeal. *Land v. Casteel*, No. E2010-00593-COA-R3-CV, 2011 WL 808784, at *3 (Tenn. Ct. App. Mar. 8, 2011); *Long*, 2014 WL 295713, at *4; *Brown v. Vaughn*, No. E2010-00373-COA-R3-CV, 2010 WL 3767123, at *7 (Tenn. Ct. App. Sept. 28, 2010).

## IV. Conclusion

For the foregoing reasons, the decision of the circuit court is affirmed, and this case is remanded for a determination of Wife's attorneys' fees incurred in defending this appeal.

_____
W. NEAL MCBRAYER, JUDGE